\* WILLIAM C. HUSSEY, Respondent, v. JOHN J. COGER, Appellant.

*Negligence—when a foreman represents the master—liability of a master to his servant.*

This action was brought to recover damages for personal injuries sustained by the plaintiff, which were alleged to have been occasioned by the negligence of a foreman, for whose acts it was claimed that the defendant was responsible. It appeared that the plaintiff, while working on one of the lower decks of a vessel, was struck by a section of a hatch which was being removed from the main deck under the orders of the foreman, who exercised the powers of employing, discharging and directing the labors of the defendant's servants. It was claimed by the plaintiff that the foreman was negligent in directing the hatch to be removed by one person, and in failing to give warning to those working below. Evidence was, however, given by the defendant tending to show that more than one person was directed to take up the hatch; and that two persons, one at each end, attempted to do it ; and that the falling of the hatch was caused by one of those persons allowing it to slip from his hands, thus wrenching it from the hands of the other person.

*Held*, that the foreman represented the master, and did not hold towards the plaintiff the relation of a fellow servant, and that the defendant was liable for any neglect on his part to adopt all reasonable means and precautions to provide for the safety of the employees.

The defendant's counsel requested the court to charge "that if, after the direction to remove the hatch given by Robert W. Gray (the foreman), the hatch fell by reason of the carelessness or negligence of Rouse or Holbrook, or either of them, the defendant is not liable."

*Held*, that it was error to refuse so to charge.

Appeal from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried, and from an order denying a motion that the exception be heard in the first instance at the General Term.

*Charles W. Dayton*, for the appellant.

*Frank E. Blackwell*, for the respondent.

Davis, P. J. :

The evidence in this case was extremely conflicting, but the finding of the jury cannot be disturbed on the ground that the verdict was against the weight of evidence. Under the rule as now announced by the Court

\* Decided January 8, 1886.

of Appeals in *Pantzar* v. *The Tilly Foster Iron Mining Company*
(99 N. Y., 368) Gray, the foreman or superintendent of the defend-
ant, was properly regarded by the court at the trial as holding
toward the plaintiff the relation of master rather than that of fellow
servant. He represented the defendant " with power to hire and
discharge servants, to direct their labors and obtain and employ
suitable means and appliances for the conduct of the business," and
as such superintendent he stood as between himself and the plaintiff
in the place of his master, " and his neglect to adopt all reasonable
means and precautions to provide for the safety of the employees
constitutes an omission of duty on the part of the master rendering
him liable for any injury occurring to the servant therefrom."
(*Corcoran* v. *Holbrook*, 59 N. Y., 517.) Upon the evidence it was
undoubtedly an improper thing for one person to attempt to take
up the hatch by the falling of which the defendant was injured;
it was therefore improper to order it to be done by one person; and
if Gray ordered Holbrook alone to remove the hatch he made the
defendant responsible for the injury that happened to the plaintiff
by reason of using inadequate power to perform the act.

The testimony, however, tended strongly to show that more than
one person was directed to take up the hatch, and that two persons,
one at each end, attempted to do it, and that the falling of the hatch
was caused by one of those persons allowing it to slip from his
hand and thus by the fall of that end wrenching the other end out
of the hands of Holbrook and causing it so to fall as to inflict the
injury of plaintiff.

The jury probably found that the order was given to Holbrook
alone, and that his failure to perform through the inability of one
person to do the act was the cause of the injury; but there was also
evidence on the part of the plaintiff tending to show that no
warning was given to persons working under the hatch of the
danger to which they were exposed by its removal. This question
was also in serious contest by the evidence, for a number of wit-
nesses testified that Gray gave the warning, "stand from under," in a
voice loud enough to be heard by persons exposed to the danger,
some of whom heard and heeded the warning and escaped injury.
It cannot therefore be said with absolute certainty on what precise
ground the jury put their verdict.

The evidence on the part of the defense would have warranted the jury in finding that the injury was caused by carelessness on the part of the person who attempted to raise the hatch after Gray gave the order for its removal, either in their failure to give warning to the persons below or in the improper handling of the hatch after it was raised from its place. If the injury to plaintiff was caused by any negligence of his fellow servants in obeying a proper order of Gray, the defendant would not be liable. Hence it was proper to submit to the jury that theory of the defense; and if the jury had found for the defendant on the submission of that theory, the court upon the evidence would not have disturbed their verdict.

Amongst other requests to charge the defendant's counsel requested the court to charge the following: " That if after the direction to remove the hatch given by Robert W. Gray, the hatch fell by reason of the carelessness or negligence of Rouse or Holbrook, or either of them, the defendant is not liable." The court declined to charge this request and the defendant duly excepted.

The proposition requested is sound in law. It fairly arose in the case upon the evidence given by defendant and the defendant was entitled to have it presented to the jury. We cannot with absolute certainty see that the jury, with this instruction presented by the court, might not have found for the defendant. We think the refusal to charge this was a fatal error.

There were several other requests to charge, notably that touching the right to recover exemplary or vindictive damages, which it would have been proper to have granted; but we think the refusal might not have been so plainly injurious as to demand our interference with the judgment. For the error in refusing to charge the request first above considered, the judgment must be reversed and a new trial granted, with costs to abide the event.

It is not necessary to pass upon the appeals from the several orders, as the direction given upon the other ground necessarily leaves them, if wrong, without injurious effect.

Judgment reversed and new trial granted, with costs to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to adide event.